IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN TREVOR TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-099 |
| | ) | |
| RICHMOND COUNTY SHERIFF'S | ) | |
| DEPARTMENT; OFFICER DEVIN | ) | |
| CAMANCHO; STATE OF GEORGIA; | ) | |
| GEORGIA PUBLIC DEFENDERS | ) | |
| COUNCIL; OFFICE OF THE PUBLIC | ) | |
| DEFENDER, Augusta Judicial Circuit; | ) | |
| AUGUSTA JUDICIAL CIRCUIT; AUBREE | ) | |
| SMITH; GREG GELPI; and DCS OFFICER | ) | |
| JAMES W. LANCE, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Jenkins Correctional Center in Millen, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred in Augusta, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.      SCREENING THE COMPLAINT

    A.      BACKGROUND

In his complaint, Plaintiff names as Defendants: (1) Richmond County Sheriff's Department, (2) Officer Devin Camancho, (3) State of Georgia, (4) Georgia Public Defenders Council, (5) Office of the Public Defender Augusta Judicial Circuit, (6) Augusta Judicial Circuit, (7) Aubree Smith, (8) Greg Gelpi, and (9) DCS Officer James W. Lance. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 20, 2022, Defendant Officer Devin Camancho detained Plaintiff and another person named "Bradley" while Defendant Camancho field-tested a substance in a "clear plastic pop top container" for drugs. (Id. at 5, 8.) The substance tested positive for methamphetamine. (Id. at 5.) Plaintiff had neither seen nor touched the container before. (Id.)

Defendant Camancho then gave Plaintiff and Bradley the opportunity to claim the methamphetamine or inform him about who owned the substance. (Id. at 6.) Bradley and Plaintiff chose to do neither, and Defendant Camancho placed both men under arrest. (Id.) Defendant Camancho read them their *Miranda* rights and put them in the back of his police car. (Id.) Defendant Camancho again gave them the opportunity to either claim the methamphetamine or tell him who owned it, and Plaintiff and Bradley again refused. (Id.) After Defendant Camancho returned a third time, Bradley informed Defendant Camancho about someone named "Pauley" in a nearby Super 8 Hotel who might have information about the drugs. (Id. at 6-7.) Another officer went to find Pauley but was unable to locate him. (Id. at 7.)

At approximately 9:56 p.m., the Super 8 Hotel desk clerk, April Lackman, approached the patrol car to speak with Defendant Camancho. (Id. at 7.) Defendant Camancho then returned and repeated his question to Plaintiff and Bradley a fourth and final time. (Id.) Bradley then told Defendant Camancho, "yes, I have something I need to tell you and or say." (Id.) He exited the patrol car and spoke with Defendant Camancho, but Plaintiff was unable to hear their conversation. (Id.) After listening to Bradley, Defendant Camancho released him, returned to Plaintiff, and said, "well looks like you are going to jail." (Id.)

There was no warrant for Plaintiff at the time of his arrest. (Id.) Five days after Plaintiff's arrest, on October 25, 2022, Defendant DCS Officer James W. Lance, Plaintiff's probation officer, placed a hold and warrant on Plaintiff for the above-described events. (Id. at 8.) Plaintiff was not in violation of his probation at the time of his arrest. (Id.)

A preliminary hearing was originally scheduled, but Defendant Greg Gelpi informed Plaintiff it was cancelled. (Id.) Instead, at a hearing on November 28th, 2022, Plaintiff's probation was revoked in full even though he never had a preliminary hearing. (Id.) Because his microphone was muted, Plaintiff was never sworn in by the court. (Id.) Defendant Aubree Smith represented Plaintiff at this hearing. (Id.) At the hearing, Defendant Smith failed to do what she and Plaintiff had agreed upon. (Id.) Plaintiff then sought to "file for ineffective counsel" against Defendant Smith, but Defendant Smith and Circuit Public Defender Rahmaan Bowick declined to help Plaintiff with this filing. (Id.)

For relief, Plaintiff seeks monetary damages, for his "appeal and or habeas corpus" to be granted, and for his remaining sentence to be terminated. (Id. at 9.)

3

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants State of Georgia, Georgia Public Defenders Council, Richmond County Sheriff's Department, Office of the Public Defender Augusta Judicial Circuit, and Augusta Judicial Circuit

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants State of Georgia, Georgia Public Defenders Council, Richmond County Sheriff's Department, Office of the Public Defender Augusta Judicial Circuit, and Augusta Judicial Circuit[1] in the caption of his complaint, Plaintiff does not mention them anywhere in the statement of his claim, with the exception of a passing reference that he "know[s] that there is a Georgia Public Defender Council," (doc. no. 1, p. 8), nor does he make any allegations associating these Defendants with any

---

[1] It is unclear whether Plaintiff intends to name Augusta Judicial Circuit as a separate Defendant, or if he includes this phrase as part of Defendant Office of the Public Defender's title. (See doc. no. 1, pp. 1, 4.) However, this discrepancy need not delay the Court because even if the Court considers this Defendant to be a standalone Defendant, Plaintiff's claim fails because he does not connect this Defendant to a constitutional violation, and the Augusta Judicial Circuit is not a person capable of being sued under § 1983. See discussion Section I.B.2 *infra*.

purported constitutional violations in his complaint, (see generally doc. no. 1, pp. 1, 4-9). Thus, dismissal of Defendants State of Georgia, Georgia Public Defenders Council, Richmond County Sheriff's Department, Office of the Public Defender Augusta Judicial Circuit, and Augusta Judicial Circuit is appropriate because Plaintiff does not connect any of these Defendants to a purported constitutional violation. (Id.)

Furthermore, Plaintiff's claims against Defendants State of Georgia and Georgia Public Defenders Council also fail because neither of these Defendants are subject to liability in a § 1983 suit. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.").

Because Defendant State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, and Defendant Georgia Public Defenders Council is an agency of the State,[2] both Defendants should be dismissed from this case.

---

[2] The Georgia Public Defender Council, named as the "Georgia Public Defenders Council" in Plaintiff's complaint, (doc. no. 1, pp. 1, 8), "is part of the executive branch of the state Government of

Furthermore, Plaintiff fails to state a claim against Defendants Richmond County Sheriff's Department, Office of the Public Defender Augusta Judicial Circuit, and Augusta Judicial Circuit because they are not "persons" capable of being sued under § 1983. Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted); Herrington v. Effingham Cnty. Sheriff's Off., CV 411-099, 2011 WL 2550464, at *1 (S.D. Ga. Apr. 21, 2011) ("However, [Plaintiff] cannot sue the sheriff's department because it is not capable of being sued." (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), and collected cases)), *adopted by* 2011 WL 2550459 (S.D. Ga. June 27, 2011); Smith v. Dekalb Ctny. Sheriff's Off., Civil Action No. 109-CV-2820, 2010 WL 308984, at *2 (N.D. Ga. Jan. 22, 2010) (same); Johnson, 2007 WL 2594177, at *2 ("Public Defender's office is not a state actor, and is not a 'person' able to be sued."); Goodman v. Kemp, No. CV 622-075, 2023 WL 2065663, at *5 (S.D. Ga. Jan. 26, 2023) (concluding "the Cordele Judicial Circuit is not a 'person' subject to suit under 42 U.S.C. § 1983" (citations omitted)), *adopted by* 2023 WL 2060737 (S.D. Ga. Feb. 16, 2023).

Accordingly, Plaintiff's claims against Defendants State of Georgia, Richmond County Sheriff's Department, Georgia Public Defenders Council, Office of the Public Defender Augusta Judicial Circuit, and Augusta Judicial Circuit should be dismissed for failure to state a claim.

---

Georgia." Who We Are, Georgia Public Defender Council, https://gapubdef.org/about-gpd/ (last visited June 27, 2025); see also State Organizations, State of Georgia, https://georgia.gov/state-organizations (last visited June 27, 2025) (listing Georgia Public Defender Council under state organizations).

### 3. Plaintiff Fails to State a Valid § 1983 Claim Against Defendants Smith and Gelpi Because They Are Not State Actors

Plaintiff fails to state a viable § 1983 claim against Defendants Smith and Gelpi because they are not state actors. To establish a § 1983 claim, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Specifically, public defenders are not liable under § 1983 because "they are not state actors." Rolle v. Green, 712 F. App'x 897, 899 (11th Cir. 2017) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)). "[R]epresentation of a client is an essentially private function, for which state office and authority are not required; and that a public defender is paid by the state . . . has no bearing on the lawyer's duties and obligations." Wusiya v. City of Miami Beach, 614 F. App'x 389, 392-93 (11th Cir. 2015) (citing Polk Cty., 454 U.S. at 318-19).

Plaintiff alleges Defendant Smith was appointed to represent him as his public defender at his November 28th probation revocation proceedings, and that she failed to do what she and Plaintiff had agreed upon. (Doc. no. 1, p. 8.) Thus, Plaintiff's allegations do not cover any act by Defendant Smith outside her representation of Plaintiff as a public defender. Thus, Defendant Smith is not a state actor, and Plaintiff fails to state a claim against her under § 1983. Plaintiff also alleges "[Assistant Public Defender] Defendant Gelpi" informed him that his preliminary probation revocation hearing had been cancelled. (Id.) Because Plaintiff's allegations do not extend beyond Defendant Gelpi's actions as a public defender, he is not a state actor. Therefore, Plaintiff fails to state a claim under § 1983.[3]

---

[3] Moreover, an additional reason Plaintiff fails to state a claim against Defendant Office of the

8

In sum, Plaintiff fails to state a claim against Defendants Office of the Public Defender Augusta Judicial Circuit, Smith, and Gelpi because none of these Defendants are state actors.

### 4. Plaintiff's Claims Against Defendants Camancho and Lance Are Barred Under Heck v. Humphrey

As described above, Defendants Richmond County Sheriff's Department, State of Georgia, Georgia Public Defenders Council, Office of the Public Defender Augusta Judicial Circuit, Augusta Judicial Circuit, Aubree Smith, and Greg Gelpi are all subject to dismissal. Thus, the remaining sections solely concern Defendants Camancho and Lance. However, for the reasons described below, Plaintiff fails to state a claim against either Defendant.

Plaintiff challenges his October 2022 arrest for possession of methamphetamine by Defendant Camancho, which resulted in Defendant Lance issuing a probation violation "hold and warrant" on Plaintiff. (See doc. no. 1, pp. 5-8.) As a result of this arrest and warrant, Plaintiff's probation was revoked and he was returned to prison, where he currently remains today. Plaintiff claims he was wrongly arrested because he is innocent, as he had never seen or touched the container of methamphetamine before and thus never committed the offense that resulted in the revocation of his probation. (Id. at 5.)

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus. Id. at 486-

---

Public Defender Augusta Judicial Circuit is because public defender's offices are not a state actors. See Johnson v. Georgia, Nos. 707-CV-119, 606-CV-49, 2007 WL 2594177, at *2 (M.D. Ga. Sept. 5, 2007) ("[A] [p]ublic Defender's office is not a state actor . . . .").

87. The Heck "favorable termination" rule has been applied to complaints alleging problems with revocation proceedings such as those alleged by Plaintiff. See Reilly v. Herrera, 622 F. App'x 832, 834-35 (11th Cir. 2015) (*per curiam*) (affirming *sua sponte* dismissal of § 1983 complaint brought against probation officers and others alleging conspiracy to fabricate violation of conditions of supervised release because if true, "then the arrest would be unlawful and the revocation itself would be invalid"); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (*per curiam*) (holding district court correctly dismissed §1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid).

Here, Plaintiff alleges he was wrongly arrested and imprisoned for possession of methamphetamine. (Doc. no. 1, pp. 5-8.) He further alleges he continues to be improperly incarcerated because of this arrest and resulting probation revocation. (Id. at 8.) Were these claims resolved in Plaintiff's favor, the outcome would inevitably undermine Plaintiff's current incarceration, placing the claims "squarely in the purview of Heck." Reilly, 622 F. App'x at 835; see also Vickers v. Donahue, 137 F. App'x 285, 289-90 (11th Cir. 2005) (*per curiam*) (affirming summary judgment in favor of probation officers on plaintiff's false arrest claim for probation violation where plaintiff had available post-revocation relief and successful § 1983 claim would imply invalidity of revocation order and sentenced imposed); Hamilton v. Givan, No. 2:15-cv-02230, 2016 WL 8077985, at *3 n.6 (N.D. Ala. Dec. 13, 2016) (applying Heck to false arrest claim and explaining when a plaintiff "is asserting that he is entirely innocent of the charges . . . it is possible that his claim, if successful, would present a direct challenge to the validity of any conviction which resulted from the charges" (citations omitted)), *adopted by* 2017 WL 372271 (N.D. Ala. Jan. 26, 2017); Denson v. Demotisis, No. 4:09-cv-230, 2009 WL 4730608, at *2 (N.D. Fla. Dec. 9, 2009) ("An attack on the lawfulness

of a finding of guilty which returns a probationer to prison is a habeas corpus claim because it is collaterally challenging the lawfulness of one's incarceration.").[4]

In short, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Publicly available records reveal a related criminal case based on this arrest was ultimately dismissed or "nolle prossed." See Richmond County Superior Court docket, available at https://www.augustaga.gov/421/ Case-Management-Search (click "Yes I agree"; follow "Criminal Search" hyperlink; search for "Turner, John Trevor," open 2023RCCR00099) (last visited June 27, 2025) Ex. A. attached, 2023RCCR00099 docket; see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation). However, no such "favorable termination" has occurred regarding Plaintiff's probation revocation. See Ex. A, 2021RCCR01497 docket; see also Wilson v. Stankoski, No. 19-0956, 2021 WL 639950, at *4-6 (S.D. Ala. Jan. 11, 2021) (finding Heck barred plaintiff's claims in case where a criminal case against plaintiff was nolle prossed, yet plaintiff remained incarcerated because his probation was revoked based on his commission of that offense), *adopted by* 2021 WL 623900 (S.D. Ala. Feb. 17, 2021). Rather, publicly available records show the Superior Court of Richmond County denied Plaintiff's motions to modify his sentence and probation on December 6, 2024. See Ex. A, 2021RCCR01497 docket.

---

[4] Because Plaintiff asserts he is entirely innocent of the alleged offense, a successful § 1983 claim necessarily implies the invalidity of his probation violation. Accordingly, Heck completely bars his claims.

Thus, his revoked probation sentence has not been reversed, expunged, declared invalid, or called into question by writ of habeas corpus. Accordingly, Plaintiff fails to state a claim against Defendants Camancho and Lance because his claims are barred under Heck.

### 5.   Any Potential State Law Claims Should Be Dismissed Without Prejudice

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint regarding his October 2022 arrest and subsequent probation revocation, those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court. Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined the complaint fails to state a claim that could serve as the basis for original federal court jurisdiction. Thus, without the federal claim, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. . . . [I]t usually should do so without prejudice as to refiling in state court.").

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** without prejudice for failure to state a federal claim upon which relief may be granted, any potential state law claims be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of June, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

13